United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>LANCE STERLING WILLIAMS,<br>　　　　　Defendant. | Case No. 10-cr-00560-SI-1<br><br>**ORDER RE TRANSCRIPT REQUEST**<br>Re: Dkt. No. 107 |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Last month, defendant Lance Williams sent a letter requesting several documents from his criminal case, including a copy of the transcript of the sentencing hearing. Dkt. No. 104. The Court ordered the clerk to send to Williams a copy of the docket sheet, indictment, minutes of the sentencing hearing, and judgment, but explained that there was no sentencing transcript then in existence because the sentencing hearing had not been transcribed. Dkt. No. 106. Williams now returns with another request for the "'Sentencing Transcripts', needed for appellate purpose's," and attaches inmate account records showing he has no funds. Dkt. No. 107 (errors in source). The Court construes the document to be a request for the sentencing hearing to be transcribed at government expense.

A court may order the preparation of a transcript at government expense only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). A district court accordingly may deny a motion for transcripts at government expense if the appellant fails to identify the grounds for appeal. *See McKinney*, 924 F.2d at 1512.

Here, Williams fails to identify the ground(s) for the appeal he apparently wants to take from the judgment entered six years ago. Moreover, Williams' plea agreement imposes a significant hurdle to any effort to pursue post-conviction relief. Per the June 13, 2013 plea agreement that Williams signed, he agreed to give up his right to appeal his conviction, judgment, any aspect of his sentence, and orders of this Court, Dkt. No. 94 ¶ 4, and not to file any collateral attacks on his conviction or sentence, including petitions under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, "except that [he] reserve[d his] right to claim that [his] counsel was ineffective in connection with the negotiation of this Agreement or the entry of [his] guilty plea." *Id.* at ¶ 5. Williams' letter does not identify an ineffective-assistance ground, or any other ground, for appeal.

In light of the foregoing, Williams' request to have his sentencing transcripts produced at government expense is DENIED. Dkt. No. 107.

**IT IS SO ORDERED**.

Dated: November 26, 2019

SUSAN ILLSTON
United States District Judge